[No. 14442. Department One. — March 9, 1892.]

## THE FRESNO NATIONAL BANK, APPELLANT, *v.* B. A. HAWKINS, RESPONDENT.

SUPERINTENDENT OF SCHOOLS — LIABILITY FOR WARRANTS FORGED BY DEPUTY — BONA FIDE PURCHASER.— A superintendent of schools is not liable to a *bona fide* purchaser of school-warrants for the amount paid to the deputy superintendent for warrants forged by such deputy, and presented and sold by him to the purchaser.

ID. — INDORSEMENT OF DATE OF FILING.— The indorsement of the date of filing upon forged school-warrants gives them neither validity, negotiability, nor additional value, aside from fixing the date of filing in the superintendent's office; and such an indorsement by a deputy superintendent of schools creates no personal liability against the superintendent of schools in favor of a purchaser of the forged warrants.

ID. — ACTS OF DEPUTY BEYOND OFFICIAL DUTY — LIABILITY OF PRINCIPAL. — A principal is not liable for acts of his deputy out of the line of his official duty, and beyond the power conferred upon him by virtue of his appointment as deputy.

APPEAL from a judgment of the Superior Court of Fresno county.

The facts are stated in the opinion of the court.

*Church & Cory*, for Appellant.

A county superintendent may appoint a deputy. (Pol. Code, sec. 1549.) A principal is bound by the fraudulent acts and misrepresentations of his agent (Mecham on Agency, sec. 717; *Bank of Batavia* v. *New York etc. R'y Co.*, 106 N. Y. 195; 60 Am. Rep. 440; *Griswold* v. *Haven*, 25 N. Y. 601; 82 Am. Dec. 380; *New York etc. R'y Co.* v. *Schuyler*, 34 N. Y. 30; *Sioux City etc. R'y Co.* v. *Bank*, 7 N. W. Rep. 311; Civ. Code, sec. 230; *North River Bank* v. *Aymar*, 3 Hill, 262; *Armour* v. *Michigan Central R. R. Co.*, 65 N. Y. 111; 22 Am. Rep. 603.) The defendant was estopped from denying the deputy's authority as against innocent third persons who in good faith acquired rights in such warrants, relying upon them as valid. (*Hill* v. *National Trust Co.*, 108 Pa. St. 1; 56 Am. Rep. 189; *Merchants' Bank* v. *State Bank*, 10 Wall. 604; *Espy* v. *Bank of Cincinnati*, 18 Wall. 604; *Farmers' etc. Bank* v. *Drovers' Bank*, 16 N. Y. 125; 69 Am. Dec. 678; *Brooke* v. *New York etc. R. R. Co.*, 108 Pa. St. 529; 56 Am. Rep. 235; *Savings Bank* v. *R. R. Co.*, 20 Kan. 519.) The fact that the principal was a public officer does not relieve him from liability, as he had the choice of selection of his deputy. (Mecham on Agency, sec. 747; *Boswell* v. *Laird*, 8 Cal. 469; 68 Am. Dec. 345; *Bank of California* v. *Western Union Telegraph Co.*, 52 Cal. 280.)

*W. D. Tupper, H. H. Welsh*, and *Webb & Strother*, for Respondent.

School-warrants are not negotiable paper, and parties take them at their own risk. (*Shakespear* v. *Smith*, 77 Cal. 638; 11 Am. St. Rep. 327.) The defendant had no authority, as superintendent of schools, to take school orders from his office and discount them at the bank. (Pol. Code, secs. 1543 et seq.) As the defendant worked under a public statute defining the scope and extent of

his authority, all persons dealing with him or with his deputies are presumed to know the extent of his authority and power. (1 Lawson's Rights, Remedies, and Practice, 183; 16 Am. & Eng. Ency. of Law, p. 807, sec. 11.) A deputy working under a public statute can only perform those acts that can be done by the principal officer, and cannot be invested with any power or authority not given by the law to his principal. (*Gage* v. *Graffam*, 11 Mass. 181; *May* v. *Walters*, 2 McCord, 470.) As the deputy was acting outside of the line of his official duty in the sale of the forged warrants, his principal is not liable. (Story on Agency, 8th ed., pars. 319 et seq; Mecham on Public Offices and Officers, 797, and cases cited.) Under the law of principal and agent, and master and servant, the principal or master is not liable for the malicious tort of the agent or servant not within the scope of his authority. (Civ. Code, secs. 2338, 2339.) He is never liable for the unauthorized, willful, and malicious act of his agent. (Story on Agency, sec. 456, p. 589; Cooley on Torts, 535–537; 1 Am. & Eng. Ency. of Law, 418, 419).

GAROUTTE, J. — This appeal is before us upon the judgment roll, and involves the sufficiency of the complaint. The complaint alleges that respondent was, at all the times mentioned, the county superintendent of schools of Fresno County, and that W. R. Bibby was the regularly appointed deputy of such superintendent; that appellant, as was its custom, purchased, at the instance and request of respondent, by his deputy, certain school-warrants; that said warrants were purchased solely on the faith and credit of the indorsements thereon by the respondent; that said warrants, except the indorsement of filing, were forged by the said Bibby, deputy, and were void and of no effect, and appellant claims to be damaged to the extent of the money paid out for such forged warrants. As appears by the exhibits attached to the complaint, these forged warrants were orders on the county superintendent by the trustees of the various school districts for requisitions to the county auditor;

and the word "warrants," as used in the complaint, is somewhat of a misnomer. The indorsement, which appellant alleges to be genuine, and upon the sole faith of which it expended its money, made upon these orders, was the memorandum of the date of filing in the county superintendent's office.

Neither the forgery of the orders by Bibby, nor his presentation and sale of them to the bank, created any liability against respondent; for in those matters he was not acting in the line of his official duty, and by virtue of his appointment as deputy was not clothed with any such power. Respondent could only clothe his deputy with such power as the statute conferred upon himself, and the powers here exercised were not conferred. Again, the bank knew the measure of respondent's power, and the limitation of his official duties; if not, it should have known them, for all persons are held to know the law. It follows that the only act done by the deputy in the line of his official duty toward consummating the fraud alleged was the indorsement of the date of filing upon the orders. The law requires these orders to be filed as they are presented, so that the requisitions upon the auditor will follow in the same order of time. The filing of the order in the office of the county superintendent is not a guaranty by such officer that such order is genuine and will be paid in due course of time. The filing-marks do not warrant that it is not forged, but simply indicate to the world that such a paper was filed in the office at a time named. Manifestly such fact can create no personal liability against respondent in favor of a purchaser of such orders. Appellant alleges that he purchased the orders on the sole faith and credit of the genuine indorsement thereon; but, as we have already seen, such indorsement neither gave them negotiability nor validity, and, aside from fixing the date of their filing in the superintendent's office, no additional value.

Let the judgment be affirmed.

PATERSON, J., and HARRISON, J., concurred.